UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| WILLIAM S. KIMSEY,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK EUGINE PAYNE, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:25-CV-00210-DCLC-CRW |

**ORDER**

This matter is before the Court to consider the Report and Recommendation ("R&R") of the United States Magistrate Judge Cynthia Wyrick [Doc. 16]. After granting Plaintiff leave to proceed *in forma pauperis* and screening his pro se Complaint [Doc. 2] under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the magistrate judge recommends that the Complaint be dismissed because Plaintiff's claims lack factual and legal merit and, in any event, are barred by the one-year statute of limitations. [Doc. 16, pgs. 7–10, 14]. The magistrate judge further recommends that Plaintiff be warned that filing further cases that fail to survive § 1915 screening or that are dismissed on procedural grounds may result in an injunction under Standing Order 18-04. [*Id.* at 13–14]. Plaintiff then filed a document styled as a motion addressing equitable tolling, "corrections," and discovery, in which he states that he "objects" to portions of the R&R. [Doc. 18, p. 3]. The Court construes that filing as Plaintiff's objection to the R&R.

The Court reviews de novo those portions of the R&R to which Plaintiff has made specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A general objection that does not identify a specific error in the magistrate judge's analysis has the same effect as a failure to object. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

Plaintiff primarily objects to the conclusion that his claims are time-barred. He contends that equitable tolling should apply because he had no new evidence until 2008, because he was under medical care and taking "mind altering" medication, and because he now works from solitary confinement. [Doc. 18, pgs. 1–3, 5–6]. In support, he attaches psychological evaluations from 1997 and 2005. [Doc. 18-1]. These assertions do not carry Plaintiff's burden to establish entitlement to equitable tolling. *See Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017). By Plaintiff's own account, he had the evidence on which he relies by 2008, and the most recent events described in his Complaint occurred in 2010. Mental impairment can justify tolling only where it actually caused the untimely filing, *see Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011), and evaluations from 1997 and 2005 say nothing about Plaintiff's capacity in the years that followed. Plaintiff's current confinement does not explain a delay of more than a decade. This objection is **OVERRULED**.

Moreover, even if Plaintiff's claims were timely, the R&R identified independent grounds for dismissal that Plaintiff does not address: Defendants Payne and Crawford are private individuals who did not act under color of state law; the State of Tennessee is not a "person" subject to suit under 42 U.S.C. § 1983 and is immune under the Eleventh Amendment; and Plaintiff's request to have his conviction cleared is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). [Doc. 16, pgs. 7–10]. Plaintiff's general assertion that the State of Tennessee violated "[n]early every constitutional ground" [Doc. 18, p. 6] does not identify any error in those conclusions, each of which independently supports dismissal.

Plaintiff also objects to two statements in the R&R's summary of the record: that he pled guilty to a firearm offense, and that Assistant District Attorney Charm Allen Knight assisted Defendant Crawford. [Doc. 18, pgs. 3–4]. He maintains that he has never possessed a weapon and that Knight was the prosecutor who charged Defendant Payne. [*Id.*]. Even accepting Plaintiff's

account, neither point impacts the R&R's analysis, which does not turn on the nature of Plaintiff's conviction or on Knight's role. These objections are **OVERRULED**.

Finally, to the extent Plaintiff's filing requests appointment of counsel or "federal assistance" to obtain further evidence, including DNA reports [Doc. 18, p. 3], the request is **DENIED**. There is no constitutional right to counsel in a civil case, and appointment is warranted only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). No such circumstances exist here, and the dismissal of this action moots any request for discovery.

After a de novo review of the portions of the R&R to which Plaintiff objected, and after consideration of the remainder of the R&R and the record as a whole, the Court finds that the R&R properly analyzes the issues presented. For the reasons set out in the R&R, which are incorporated by reference herein, it is hereby **ORDERED** that Plaintiff's objections [Doc. 18] are **OVERRULED**, the R&R [Doc. 16] is **ADOPTED**, and Plaintiff's Complaint [Doc. 2] is **DISMISSED WITHOUT PREJUDICE**. To the extent Plaintiff's filing [Doc. 18] seeks any other relief, it is **DENIED**. A separate judgment shall enter.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge